# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**ALOSTAR BANK OF COMMERCE (INC), assignee of and successor in interest to Federal Deposit Insurance Corporation as receiver for Nexity Bank,**

        **Plaintiff,**

    **v.**

**GARETTE CHARLTON,**

        **Defendant.**

**1:16-cv-01455-WSD**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Alostar Bank of Commerce (Inc)'s ("Alostar") Motion for Default Judgment by the Clerk of this Court Pursuant to Fed. R. Civ. P. 55(b)(1) Against Defendant Garette Charlton ("Charlton") [7].

## I.   BACKGROUND

### A.   Facts

Alostar is a domestic banking corporation incorporated in Alabama with its principal place of business in Birmingham, Alabama.  (Compl. [1] ¶¶ 1, 4(a)).  Charlton is a citizen of Georgia.  (Id.).

On September 27, 2004, Charlton applied for and obtained a home equity line of credit ("HELOC") in the amount of $76,300 from Nexity Bank, Plaintiff's predecessor-in-interest.[1] ([1] ¶ 5; HELOC Agreement, Ex. A [1.1]).  The HELOC was secured by a deed to Charlton's property located in Marietta, Georgia.  ([1] ¶ 7; Deed to Secure Debt, Ex. C [1.1]).  On June 23, 2006, the HELOC was renewed, and the line of credit was increased to $83,000.  ([1] ¶ 6; HELOC Renewal Agreement, Ex. B [1.1]).[2]

From October 2004 to December 2008, Charlton withdrew from the HELOC a total principal balance of $75,980.53.  (Statement, Ex. E [1.1]).  Beginning February 5, 2016, Charlton became delinquent on the payments.  ([1] ¶ 9; Statement, Ex. E [1.1]).

Alostar's Complaint alleges that Charlton owes (i) unpaid principal balance in the amount of $75,924.41; (ii) late fees of $30.33; (iii) prejudgment interest at the rate of 3.25% per annum; (iv) postjudgment interest; (v) court costs; and

---

[1]    On April 15, 2011, Nexity Bank, an Alabama banking corporation, was closed by the State of Alabama Banking Department.  ([1] ¶ 4(b)).  The Federal Deposit Insurance Corporation ("FDIC") was named as receiver.  (Id.).  The FDIC assigned the HELOC loan documents to Alostar.  (Id. ¶ 4(c)).
[2]    The Court refers to the HELOC loan documents collectively, as the "HELOC Agreements."

(vi) attorneys' fees pursuant to O.C.G.A. § 13-1-11. ([1] ¶ 13(a)-(h); Statement, Ex. E [1.1]).

      B.    <u>Procedural History</u>

On May 4, 2016, Alostar filed this action to collect on debt owed under the HELOC. ([1]). On August 17, 2016, Alostar served the Complaint on Charlton. ([5]). Charlton failed to respond, and no counsel appeared on his behalf.

On September 23, 2016, Alostar filed its Motion for Clerk's Entry of Default [6] based on Charlton's failure to respond to the Complaint. Later that day, the Clerk entered default against Charlton.

On September 28, 2016, Alostar moved for default judgment. ([7]).

## II.    DISCUSSION

      A.    <u>Legal Standard</u>

Rule 55(b) of the Federal Rules of Civil Procedure provides that default judgment may be entered against defaulting defendants as follows:

    (1)    ***By the Clerk***. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

    (2)    ***By the Court***. In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a

3

representative, that party or its representative must be served
with written notice of the application at least 7 days before the
hearing.  The court may conduct hearings or make referrals . . .
when, to enter or effectuate judgment, it needs to:
(A)    conduct an accounting;
(B)    determine the amount of damages;
(C)    establish the truth of any allegation by evidence; or
(D)    investigate any other matter.

Fed. R. Civ. P. 55(b).

"[T]here is a strong policy of determining cases on their merits . . . . [Courts]

therefore view defaults with disfavor."  In re Worldwide Web Sys., Inc., 328 F.3d

1291, 1295 (11th Cir. 2003).  "The entry of a default judgment is committed to the

discretion of the district court."  Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576

(11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan

Wright, et al., Federal Practice & Procedure § 2685 (1983)).

When considering a motion for default judgment, a court must investigate

the legal sufficiency of the allegations and ensure that the complaint states a

plausible claim for relief.  Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278

(11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga.

1988).  If "the plaintiff has alleged sufficient facts to state a plausible claim for

relief," a motion for default judgment is warranted.  Surtain v. Hamlin Terrace

Found., 789 F.3d 1239, 1246 (11th Cir. 2015).  "Conceptually, then, a motion for

default judgment is like a reverse motion to dismiss for failure to state a claim."

4

Id. at 1245.  "[W]hile a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'"  Cotton, 402 F.3d at 1278 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

B.    Alostar's Right to Recover Under the HELOC

Alostar brings this action to recover unpaid principal and interest of the HELOC, which is in essence a breach-of-contract claim.[3]  To assert breach of contract under Georgia law, a plaintiff must show (1) a valid contract, (2) material breach of its terms, and (3) damages arising from that breach.  See Budget

---

[3]    The Court applies the law required by Georgia's choice-of-law rules, so long as the application does not violate the parties' due process rights.  See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 821-22 (1985); Keener v. Convergys Corp., 342 F.3d 1264, 1267-68 (11th Cir. 2003); Trumpet Vine Invs., N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110, 1115 (11th Cir. 1996) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)); see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 672 F.3d 155, 157 (2d Cir. 2012) ("A federal court sitting in diversity or adjudicating state law claims that are pendent to a federal claim must apply the choice of law rules of the forum state." (internal quotation omitted)).  Unless the chosen law is contrary to Georgia public policy, Georgia courts generally accept choice-of-law provisions contained in contracts. See Convergys Corp. v. Keener, 582 S.E.2d 84, 85-86 (Ga. 2003).
    Here, the HELOC Agreement contains a choice-of-law provision calling for the application of Georgia law to the interpretation and enforcement of the agreement.  (HELOC Renewal Agreement [1.1] ¶ 22).  Accordingly, the Court applies Georgia law.

Rent-A-Car of Atlanta, Inc. v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996); see also Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1130 (11th Cir. 2014). The Clerk has entered default against Charlton, so the legal effect of Charlton's default is that he has now admitted the facts recited in the Complaint.  Having carefully reviewed the Complaint and the HELOC Agreements, the Court concludes that Alostar has sufficiently stated a claim entitling it to default judgment for Charlton's breach of the HELOC Agreements.

    C.    <u>Damages</u>

    Alostar seeks to recover the following damages: (i) unpaid principal; (ii) prejudgment interest; (iii) late fees;[4] (iv) attorneys' fees; (v) postjudgment interest; and (vi) costs.  ([7] at 10).

    The Court may grant default judgment and award damages without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."  <u>Adolph Coors Co. v. Movement Against Racism and the Klan</u>, 777 F.2d 1538, 1543 (11th Cir. 1985); <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir.1979).  "While a party in default admits the well-pleaded allegations of the complaint against it, a plaintiff cannot satisfy the certainty

---

[4]    Although Alostar did not include late fees in its Motion, Alostar, in its Complaint and in Affivadvit of Karen J. Campbell, asked for late fees.  ([1], [7], [6.1]).

amount by simply requesting a specific amount.  He must also establish that the amount is reasonable under the circumstances."  Elektra Entm't Grp., Inc. v. Jensen, No. 1:07-CV-0054-JOF, 2007 WL 2376301, at *2 (N.D. Ga. Aug. 16, 2007) (internal quotation omitted); see also Adolph Coors, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for award.").  The Court is obligated to assure (i) there is a proper basis for the damage award it enters, and (ii) that damages are not awarded solely as the result of an unrepresented defendant's failure to respond.  Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1265 (11th Cir. 2003).

### 1.   HELOC Principal and Interest

Alostar seeks reimbursement for outstanding principal of Charlton's HELOC.  ([7.1] at 2; Aff. Karen J. Campbell [6.1] ¶ 12 ("Campbell Aff.")).  As of March 8, 2016, according to the Statement submitted by Alostar, Charlton owed Alostar $75,924.41 in principal.  (Campbell Aff. [6.1] ¶ 12; Statement [1.1]).  Alostar is entitled to recover the outstanding principal.

Alostar next seeks interest on its award of principal.  ([13.1] at 8).  In a diversity case, courts follow the state law governing the award of prejudgment interest.  SEB S.A. v. Sunbeam Corp., 476 F.3d 1317, 1320 (11th Cir. 2007) (citing Royster Co. v. Union Carbide Corp., 737 F.2d 941, 948 (11th Cir. 1984)).  Georgia

law permits the recovery of prejudgment interest "[i]n all cases where an amount ascertained would be the damages at the time of the breach, [and the damages] may be increased by the addition of legal interest from that time until the recovery." O.C.G.A. § 13-6-13.  The Court concludes that recovery of interest is proper, and Alostar may recover prejudgment interest.

Alostar asserts, and the Court agrees, that an interest rate of 3.25% per year is proper for calculating interest on the principal.[5]  ([7] at 3).  Under Paragraph 5.B. of the HELOC Renewal Agreement, the variable interest rate is "the Wall Street Journal Prime Rate minus 0.25 percentage points."[6]  (HELOC Renewal Agreement [1.1] ¶ 5.B).  Alostar submitted a statement of the HELOC, which shows the

---

[5]     Georgia law provides that "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them."  O.C.G.A. § 7-4-15.  The Court agrees that ALOSTAR is entitled to recover prejudgment interest on the remaining principal balance of the financial incentive.  See Koncul Enters. Inc. v. Nationscredit Fin. Servs. Corp., No. 400CV141, 2001 WL 34052996, at *2-3, 7 (S.D. Ga. Aug. 13, 2001) (awarding prejudgment interest where the damages were based on a reasonable lost profits calculation and plaintiff's entitlement to prejudgment interest under Georgia law was undisputed).

[6]     Because the parties expressed the rate of interest, the Court will apply the interest rate stated in the contract.  See Noons v. Holiday Hosp. Franchising, Inc., 705 S.E.2d 166, 170 (Ga. Ct. App. 2010) (applying the interest rate stated in the contract because O.C.G.A. § 7 4 16 does not apply for breach of contract); Northside Bank v. Mountainbrook of Bartow Cty. Homeowners Ass'n, Inc., 789 S.E.2d 378, 381 (Ga. Ct. App. 2016) (Statutory rate provided by O.C.G.A. § 7-4-2 did not apply because the parties expressed the rate of interest in the contract.); O.C.G.A. § 7-4-2.

itemized history of the HELOC and the variable interest rate charged over time. The variable interest rate, at the time of Charlton's default, is 3.25%.  (Campbell Aff. [6.1] ¶ 12; Statement [1.1]).

Alostar uses the 365/365 method ('Stated Rate Method") for calculating interest.  (See Statement [1.1]).   Interest at the rate of 3.25% per year on $75,924.41 totals $2,467.54 in interest per year, or $6.7603 per day.  (See id.).  The itemized statement shows an accrued interest through March 8, 2016, of $660.95. (Id.).  From March 9, 2016, to March 7, 2017, there are 363 days, so the interest accrued from March 9, 2016, to the date of judgment amounts to $2,453.99.  The total interest on the principal equals the sum of $3,114.94.

The Court concludes that Alostar is entitled to $75,924.41 in principal and $3,114.94 in interest on the principal, for a total amount of $79,039.35.

### 2.    Late Fees and Court Costs

Alostar seeks reimbursement for outstanding late fees in the amount of $30.33 as well as court costs.  ([1] ¶ 13; Campbell Aff. [6.1] ¶ 12).  The HELOC Renewal Agreement specifically provides that Charlton has agreed to pay court costs and late charges in the event of default.  (HELOC Renewal Agreement [1.1] ¶¶ 6.A.(1),  18).  As of March 8, 2016, Charlton owes Alostar $30.33 in late fees. (Campbell Aff. [6.1] ¶ 12; Statement [1.1]).  The Court concludes that Alostar is

entitled to the late fees.  Alostar, while entitled to court costs, has not provided any information to support costs incurred, and they are not awarded.

        3.     <u>Attorneys' Fees</u>

Alostar next seeks attorneys' fees under O.C.G.A. § 13-1-11.  ([7.1] ¶ 4).  O.C.G.A. § 13-1-11 provides that "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable" subject to the following conditions: (1) the note contains an attorney's fee provision, (2) the debt owed under the note has matured, (3) the debtor was notified that he can avoid liability for attorney's fees by paying the debt within ten days of his receipt of the notice, (4) the ten day period has expired, and (5) the debt is collected by or through an attorney.  <u>FAS Capital, LLC v. Carr</u>, 7 F. Supp. 3d 1259, 1269 (N.D. Ga. 2014) (citing <u>TermNet Merch. Serv., Inc. v. Phillips</u>, 588 S.E.2d 745 (Ga. 2003)).

The Court finds that Alostar is entitled to attorneys' fees under O.C.G.A. § 13-1-11.  First, the HELOC Agreements specifically provide that if the loan amount "is collected by or through an attorney after maturity, [Charlton] agree[s] to pay 15 percent of the Principal and interest owing as attorneys' fees." (<u>See</u> HELOC Renewal Agreement [1.1] ¶ 18).  Second, Georgia law permits notice for attorneys' fees to be given through a complaint.  <u>FAS</u>, 7 F. Supp. 3d at 1269 (citing

10

New House Prod., Inc. v. Commercial Plastics & Supply Corp., 233 S.E.2d 45 (Ga.

Ct. App. 1977)).  Alostar properly provided notice in its complaint that "the

provisions of O.C.G.A. § 13-1-11 relative to payment of attorneys' fees in addition

to principal and interest, shall be enforced, and Charlton has ten (10) days from the

date of service of this Complaint to pay the principal and interest without

attorneys' fees."  (Compl. [1] ¶ 12).  Third, Under Georgia law, filing suit for

unpaid balance on a note "effectively exercises the option to accelerate the debt

and declare the whole principal due."  FAS, 7 F. Supp. 3d at 1270.  Accordingly,

the debt owed by Charlton had matured when Alostar filed this lawsuit.  Finally,

the ten day period has expired, and the debt is collected by or through an attorney.

The Court has concluded that Alostar is entitled to a total amount of

$79,039.35 in principal and interest.  Attorneys' fees of 15% of $79,039.35,

therefore, equal $11,855.90.  Alostar is entitled to $11,855.90 in attorneys' fees.

### 4.    Postjudgment Interest

"[I]n awarding postjudgment interest in a diversity case, a district court will

apply the federal interest statute, 28 U.S.C. § 1961(a), rather than the state interest

statute."  Ins. Co. of North America v. Lexow, 937 F.2d 569, 572 n.4 (11th Cir.

1991); see Allstate Ins. Co. v. Palterovich, 653 F. Supp. 2d 1306, 1332 (S.D. Fla.

11

2009) ("The methodology for calculating the postjudgment interest rates for the state law claims follows the federal standard.").

Alostar is entitled to postjudgment interest under 28 U.S.C. § 1961(a) on the entire judgment entered in this case, including any interest that forms part of the judgment.  Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 572 n.4 (11th Cir. 1991) (finding that postjudgment interest should be awarded on the entire amount of the judgment, including award of prejudgment interest); Bryant Motors, Inc. v. Blue Bird Body Co., No. 5:06-CV-353(CAR), 2009 WL 1796001, at *3 (M.D. Ga. June 22, 2009) (same); Camacho v. Nationwide Mut. Ins. Co., 188 F. Supp. 3d 1331, 1363-64 (N.D. Ga. 2016) (finding that O.C.G.A. § 9-12-10 is inapplicable when awarding postjudgment interest under 28 U.S.C. § 1961).

Section 1961 provides that postjudgment interest "shall be computed daily" and "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment."  28 U.S.C. § 1961.  Alostar is entitled to postjudgment interest, pursuant to 28 U.S.C. § 1961, to accrue at the rate provided for in Section 1961 from the date of entry of final judgment to the date of payment.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Alostar Bank of Commerce

(Inc)'s Motion for Default Judgment by the Clerk of this Court Pursuant to Fed. R.

Civ. P. 55(b)(1) Against Defendant Garette Charlton [7] is **GRANTED**.  The Clerk

is **DIRECTED** to enter judgment in favor of Plaintiff against Defendant in the

following amounts: (i) $75,924.41 in unpaid principal; (ii) $3,114.94 in

prejudgment interest; (iii) $30.33 in late fees; and (iv) $11,855.90 in attorneys' fees

for a total judgment amount of $90,925.58.

**IT IS FURTHER ORDERED** that Defendant shall pay postjudgment

interest on this amount, pursuant to 28 U.S.C. § 1961, to accrue at the rate

provided for in Section 1961 from the date of entry of final judgment by the Clerk

to the date of payment.

**SO ORDERED** this 7th day of March, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

13